## No. 9877.

### FIRMIN LEWIS ET AL. vs. ABRAHAM KLOTZ.

The party who applied for a jury cannot waive the jury at the moment of trial, unless the other party consents.

The seizure and sale of one-third interest in a plantation under lease and before its expiration, does not dissolve the lease as to entire plantation.

When the term of the lease was two years, and the lessees bound themselves to leave on the leased premises, at the end of the last year of the term, a certain quantity of the products of the place, the purchaser at judicial sale of an undivided third of the plantation, made at the end of the first year of the lease, could not take possession of the entire plantation and convert to his own use the crops thereon, under the plea that, the lease being dissolved by the said sale and the crops thereon converted, not exceeding what the lessees were bound to leave there, under the contract, at the expiration of the term of lease, he had a right to take said crops. The crops belonged to the lessees, and they were entitled to recover their value.

When the contract of lease is deposited in the recorder's office for registry, and an indorsement made thereon by the recorder, showing its deposit for record, but the contract is not recorded in the book of conveyances, but in another book kept for the recording of

leases, etc., such registry will protect the parties whether the contract was recorded in the proper book or not. Arts. C. C. 2266, 2245, 2254; Payne vs. Pavey, 29 Ann. 116 reaffirmed.

APPEAL from the Twentieth District Court, Parish of Assumption. *Knobloch, J.*

### *W. W. Howell,* for Plaintiffs and Appellees:

(*a*)　When real estate is owned in indivision by several persons, upon the undivided share of one of whom a judicial mortgage is of record, and the whole property is leased by the joint owners by public act duly recorded, the seizure and sale of the encumbered interest does not dissolve the lease in so far as the other unencumbered interests are concerned, and the tenant cannot be dispossessed of the unencumbered interests. The judicial mortgage and all rights under it must be restricted to the property of the debtor alone and cannot, in any possible manner, affect the property of third persons or any one holding under such third persons. R. C. C. Arts. 3278, 3279, 3282 and 3321; 12 Ann. 867; 28 Ann. 763; C. C. Arts. 2732 and 2733; Hennen's Digest, vol. 2, p. 1365; 8 N. S., p. 336, 11 Ann. 95.

(*b*)　The purchaser at such sale is entitled only to joint possession with the lessees, who hold for the other joint owners. 23 Ann. 150; 33 Ann. 298.

(*c*)　A purchaser of property at private sale, which property is under lease at the time, said lease being duly recorded, cannot legally take possession of the leased premises during the lease, and if he does, renders himself liable to an action in damages by the lessees. R. C. C. Arts. 2732 and 2733; 11 Ann. 95; 1 N. S. 264; 8 N. S. 563.

(*d*)　All crops growing or gathered upon leased property, the product of the labor of the lessees, are the property of such lessees, and if taken possession of by the purchaser of such property at judicial sale thereof, under a foreclosure of mortgage or otherwise, renders him liable to the lessees for the highest market value of such crops. 28 Ann. 763; 32 Ann. 201; Cooley on Torts, top page 433.

(*e*)　Every, at whatever of, man that causes damages to another obliges him, by whose fault it happened, to repair it. R C. C. 2315.

(*f*)　All profits of which a person has been deprived by the illegal acts of another, whether prospective or otherwise, are allowed at civil law when proved. C. C. Arts. 1933 and 1934; 10 Ann. 633; 3 L. 332; Sedgwick on the Measure of Damages, 7th edition. pp. 108-143.

(*g*)　Where an action for damages is tried by a jury they are peculiarly the judges of the measure of damages, and unless their verdict is palpably wrong it will not be disturbed by the appellate court. Hennen, vol. 1, p. 92 (b); 3 Ann. 670.

(*h*)　Every assertion of title to, or act of dominion over personal property inconsistent, the rights of the owner is in law a wrongful conversion, and proof of such acts is sufficient to establish such conversion. 2 Ann. 281, 289.

(*i*)　Every wrongful conversion of property of another constitutes the party so converting a trespasser, and renders him liable as such, the measure of damages to be determined by the fact, whether such acts were malicious or otherwise. 9 Ann. 490

(*j*)　The remedy in behalf of lessees prescribed by articles 2696, 2703 and 2704, of the R. C. C. is not exclusive, nor does it deprive the lessee of his action in certain cases against the party evicting him for the damage caused him, but the only penalty for failure to give the notice therein prescribed, is the loss of his remedy for damages against his lessor. 31 Ann. 71.

(*k*)　When a defendant prays for trial by jury in his answer, or subsequently, and the court so orders the trial, and the case is accordingly fixed for trial, it is too late on the morning of the trial, after the case has been called for trial, for the defendant to waive the trial

by jury thus ordered, and such jury trial cannot be thus waived unless the plaintiff consents, and contrary to his objections to such waiver. 2 M. 48; 10 Ann. 24.

(*l*) The exception of no cause of action filed herein was properly overruled by the lower court. This is an action in damages, and arising out of a *quasi* offense committed by the defendant, and an action personal in its character, and could be brought by the plaintiffs. R. C. C. 2315: 6 R. 382; 9 Ann. 490; C. Part 32; 27 Ann. 629; 28 Ann. 761.

(*m*) A party cannot ask for the dissolution of a contract and at the same time demand its specific performance, the one demand is repugnant to and inconsistent with the other. He cannot ask to dissolve a sale and at the same time demand the purchase price. 31 Ann. 73; Hennen, vol. 2, p. 1138 II, (a) Nos. 2, 12, 13, 23.

(*n*) If the contract of lease is, by its nature, indivisible, then it cannot be divided for any purpose; it must be wholly enforced or wholly annulled and dissolved. 7 Ann. 612.

(*o*) In all bi-latteral contracts, when reciprocal obligations are assumed, these obligations cannot be all enforced on the one side and not enforced at all against the other side. And if one of the contracting parties is released from the fulfillment of his obligations, the carrying out of which was the very consideration for the obligations engaged to be performed by the other side, the latter party is likewise released. 10 L. 23; Hennen, vol. 1, p. 803, (e) No. 6; 31 Ann. 67; 1 Ann. 422.

(*p*) Profits, of which a person is illegally deprived by the act of another, are recoverable, of whatsoever nature or kind they may be, and any such profits proven to have been thus lost must be accorded.

(*q*) Defendant's demand in reconvention was properly disallowed, and all evidence offered to prove it properly rejected, because the allegations of said demand do not upon their face set forth any cause of action against plaintiffs, and because irrelevant and inadmissible under the pleadings, and not incidental to or necessarily connected with, or growing out of plaintiffs' demand. 2 R. 216; 3 R. 387; 9 Ann. 7; 14 Ann. 859; 11 R. 347; Hennen, vol. 2, p. 1173 (b) 14 Ann. 734.

(*r*) Interest at the legal rate properly runs from the date of wrongful taking, and even if it does not, the court should apply the rule of "*De minimis non curat lex,*" and should not, even if the judgment is amended in this small particular, throw the cost of appeal upon the appellee. Hennen, vol. 1, p. 99; 38 Ann. 347; 7 Ann. 116. 847; 38 Ann. 347, Sedgwick leading case on the measure of damages, p. 597.

(*s*) No question of partnership or partnership rights are involved in this case. The lessors were simply joint owners of the leased property.

(*t*) Even should the Court hold the lease to have been dissolved. so far as the whole property was concerned, by the sale of the encumbered portion under the judicial mortgage, still the lessee cannot be held for anything in the nature of future rents, all obligations arising under and by virtue of the contract of lease are put at an end by the dissolution of the contract. 1 Ann. 421; 31 Ann. 70.

(*u*) The lease in this case was properly recorded in the office of the conveyances in the parish where the leased property is situated. R. C. C. Arts. 2266, 2254, 2245; 29 Ann. 116; 33 Ann. 1250.

## *Walter Guion,* for Defendant and Appellant:

1st. The suit should have been dismissed on the exception of no cause of action, because plaintiffs having alleged that, as lessees, they had been evicted from the leased premises by defendant, a third party, upon a certain claim of right to such property, which, as plaintiffs alleged, "he claimed was his private property," could not hold defendant responsible for the damages claimed to have been suffered by them, and could only pursue their rights, if at all, against their lessors, Gonzales & Co., and furthermore, having alleged in their petition that they had been dispossessed of the property leased, which they had held possession of under a lease "for more than one year," plaintiffs have given to their suit the character of a possessory action which, as lessees, they have no

right to institute. C. C. Art. 2703 (2673); Art. 2704 (2674); Art 2696 (2666); C. P. Art. 48; 2 La. 227; 23 Ann. 427; 31 Ann. 71; Marcadé, vol. 6, pp. 456, 457.

2d. That the lease relied upon by plaintiffs, as having been entered into between them and the agricultural firm of Gonzales & Co., was in no manner binding upon defendant, a third party, because the same was never recorded in the book of conveyances of the parish of Assumption, the only proper place where the registry of the same could affect or serve as a notice as to third persons. See 30 Ann. 437: 33 Ann. 1121; 9 Ann. 504; 5 Ann. 263.

3d. That, even granting for the sake of argument, the lease declared upon by plaintiffs was recorded in the proper place to serve as notice to third persons, of its existence and inscription, nevertheless, the same was, in its nature, essentially indivisible and incapable of existing except as a whole and in its entirety; and that the seizure and sale by Dorcino Landry, a judgment creditor of Jean Gonzales, one of the members of the firm of Gonzales & Co., the lessees of plaintiffs, of the undivided one-third of the plantation so leased under a judgment rendered and properly recorded in the Mortgage Office in the parish of Assumption, long prior to the execution of the lease to plaintiffs by Gonzales & Co., cut off and dissolved, in its entirety and as a whole, the lease under which plaintiffs claimed the possession and the right of possession to the property; and that defendant, having purchased, at the sheriff's sale made in the suit of Dorcino Landry vs. Jean Gonzales, the undivided third of said Jean Gonzales in the property, and immediately thereafter having purchased the remaining two undivided thirds of the same from the other two owners thereof, had the absolute right to enter into and take possession of the plantation as a whole, without incurring any liability whatever to plaintiffs by reason of such possession or otherwise. C. C. Art. 2823. (2794); 14 Ann. 108; 12 La. 210; 2 Ann. 478; 15 Ann. 661; 30 Ann. 1314, 404, 32 Ann. 203.

4th. That even should it be held that the lease relied upon by plaintiffs was duly recorded so as to affect defendant, and that it should be further held that it was not indivisible and not dissolved and cut off in its entirety, by the seizure and sale under the judgment in the suit of Dorcino Landry vs. Jean Gonzales, nevertheless, defendant, as the purchaser, at the sheriff's sale made in that suit, of the undivided one-third interest of Jean Gonzales, in the property so leased, had the undoubted and absolute right of taking and entering into possession of the undivided third of said property, free from any rights or claims of plaintiffs under that lease, and that even in this case, if defendant had taken possession of and worked the whole plantation, plaintiffs would have no right of action against him by reason thereof, unless defendant has made a profit from said plantation, and that then plaintiffs should be compelled to remunerate defendant for all proper expenditures incurred by him in carrying on the plantation, and should not be permitted to recover from defendant unless he had mismanaged the property, or had made a profit from it, or had maliciously deprived them of the use and enjoyment of the two-thirds not sold in the suit of Landry vs. Gonzales. C. C. Art. 2295, (2274); Art. 2299, (2278); 10 Ann. 257; Art. 1965, (1960); Hennen, vol. 2, p. 1020, No. 19; 4 Ann. 76; 7 Ann. 136; 12 Ann. 354; 22 Ann. 489; 30 Ann. 1099; C. C. Art. 2314 (2292.)

5th. That plaintiffs, for the reasons given and by further reason of the fact that defendant, instead of making any profit from the crop made in 1881, on the "Gonzales" plantation, incurred a heavy loss, notwithstanding a skillful and economical management of the property, have no right of action, nor claim against defendant, for any supposed profits resulting from the crop operations of that year. Nor is their claim for the alleged value of seed cane, corn and hay, which the said defendant took possession of with the plantation, entitled to give any greater consideration, because, under their lease with Gonzales & Co., plaintiffs received with the leased plantation a certain quantity of corn, hay and seed cane, which they bound themselves to return with the plantation at the expiration of their lease, and that the quantity which defendant took possession of with the plan-

tation, when he entered into possession under their lease, and which quantity the evidence shows has never been otherwise, returned to their original lessors, nor any one else. 32 Ann. 203; C. C. Arts. 2710, 2680.

6th. That the lease relied upon by plaintiffs, if ever binding against defendant, was dissolved by the seizure and sale in the suit of Dorcino Landry vs. Jean Gonzales, and that defendant, as purchaser of one-third of the plantation at that sale, and of the other two-thirds thereafter, had the right to take possession of the corn, cane and hay, as part and parcel of the leased premises, and which, by the terms of the lease, plaintiffs were bound to return and abandon with the plantation at the expiration of their lease. And if, on the other hand, the lease was not dissolved in its entirety by that seizure and sale, it was certainly dissolved as to one-third of the property, and that as defendant had the undoubted right to enter into possession of one-third, at least, of the plantation, and work the same for his own account, plaintiffs cannot hold him responsible for the corn and hay so taken possession of by him with the plantation, for the same were used by defendant, and the seed cane planted by him to make the crop of 1881, for the recovery of the alleged profits of which plaintiffs have also sued defendant. The two claims are inconsistent and destructive of each other.

7th. The district judge erred in his rulings, during the trial, in the following particulars:

1. In refusing to allow defendant to waive the trial by jury previously prayed for by him, on plaintiff's counsel objecting to such waiver, though not making a specific prayer for a jury on behalf of plaintiffs. C. P. Arts. 494, 495; Hennen, vol. 1, p. 767 (b), Nos. 3, 4, 7, 9.

2. In allowing plaintisff' counsel to introduce evidence, for the purpose of establishing the value of the seed cane left on the leased property by plaintiffs, and taken possession of by defendant; and also the quantity of sugar and molasses made on the property in 1881, while in defendant's possession, and the value of same C. C. Art. 2703, (2673); Art. 2704, (2674); Art. 2696, (2666); C. P. Art. 48, 2 La. 227; 23 Ann. 427; 31 Ann. 71; Marcadé, vol. 6, pp. 456, 457.

3. In refusing to allow defendant to establish, by the testimony of defendant himself, and by other evidence offered by him, by way of reconvention, the amount of expenses incurred by him during the year 1881, upon the "Gonzales" plantation, as alleged and set forth in his answer, and in restricting the evidence, as he did, to disproving plaintiffs' allegations for the recovery of loss of profits, and for no other purpose.

8. The district judge also erred in his charge to the jury in the following particulars, by refusing to charge the jury as follows:

1. That a lessee of a plantation is bound by law to leave the property so leased whenever the lease is put an end to, in the same state in which he received it, and that he must return with it everything that he received with it, and everything that he agreed to deliver with it at the termination of the lease.

2. That when a party leases a plantation with farming implements thereon, and takes with it seed cane, hay and corn belonging to the lessor, and upon the plantation at the time of taking possession with the obligation of returning the same quantity of such property at the termination of the lease, the lessee is bound to return such seed cane, corn and hay, with the leased property, whenever the lease is terminated, as one of the obligations and stipulations of his contract, and as part of the leased premises.

3. That if the jury believe from the evidence that plaintiffs leased from Jean Gonzales & Co. their plantation, and that they received with it a certain quantity of hay and corn, to be returned with the plantation at the end of the lease, and that they further bound themselves to leave on the plantation at the termination of the lease seed cane sufficient to plant a specified quantity of land, and should further believe that defendant purchased at a sheriff's sale, made on the execution of a judgment rendered and recorded prior to the lease so entered into, the undivided third of Jean Gonzales, and

after said sale acquired the other two-thirds of the plantation, that then they, the jury, should consider defendant entitled, by reason of his said acquisition, to everything that should be returned by plaintiffs, as lessees, with the plantation; and that if the jury should believe that defendant took possession of any corn, hay or seed cane, when he took possession of the plantation, and which had been produced by plaintiffs, that they should then consider the quantity so taken possession of by defendant and should not hold him responsible for the same unless they, the jury, found that the quantity so taken possession of by defendant exceeded the quantity which plaintiffs received with the plantation when they took possession as lessees.

9th. The judgment is erroneous in giving interest on the amount for which it is rendered, because no specific rate of interest is claimed in the petition of plaintiffs, nor any date fixed from which interest is asked to run; and, second, because the verdict of the jury fixes no rate of interest upon the amount found to be due, nor does the same provide any date from which the same should run. C. P. Art. 553; 30 Ann. 735; 20 Ann. 217. 218.

The opinion of the Court was delivered by

TODD, J. On the 6th of January, 1880, the plaintiffs leased a sugar plantation from John Gonzales & Co., an ordinary partnership, composed of John, Perico and Raphael Gonzales, joint owners of the plantation leased, each owning an undivided third of the same. The lease was for the term of two years, ending on the 31st December, 1881.

Among the stipulations of the contract was one to the effect that the lessors turned over to the lessees a lot of corn and hay then on the place, which the lessees were to return at the expiration of the term of the lease; and they were also to leave on the plantation at that time seed cane enough to plant twenty arpents of land.

The lessees took possession of the plantation, and made a crop thereon the first year named (1880). In December of that year, the one-third interest of John Gonzales in the plantation was seized and sold, under a judgment obtained against him, and recorded in 1879. This interest was purchased at the sheriff's sale by the defendant Klotz, who, on the same day, also bought, at private sale, the remaining interests in the property of the other proprietors—Perico and Raphael Gonzales. Klotz immediately went on the plantation, and took possession of the corn, hay and seed cane of the plaintiffs found there.

The plaintiffs then resorted to an injunction to restrain Klotz in his proceedings, and maintain themselves in possession during the residue of their lease, and claimed damages.

Klotz dissolved the injunction on bond, and continued in possession of the property.

Plaintiffs then filed an amended petition, in which was set out specifically the amount and character of the damages claimed.

The main items of these were:

One hundred dollars for the hay.

Two hundred dollars for corn.

Five hundred dollars for seed cane.

Twelve hundred dollars for net profits on the crop of 1881, which, under the terms of their lease, they were entitled to make on the place, but of which right they were deprived by the illegal act of the defendant in taking possession of the leased premises.

There was an exception of no cause, which was overruled, and properly so.

This was neither a petitory nor possessory action, as charged in the exception filed, but substantially an action for damages, claimed to result from the unwarranted taking and conversion of the plaintiffs' property, and the alleged violation of their legal rights. No clearer or graver cause of action could be asserted; and whatever rights the lessees might have preferred against this lessor on account of the acts of Klotz complained of, there was under the allegations of this petition a distinct liability on his part.

The case was tried by a jury—a jury being prayed for by the defendant.

When the case was called for trial, the defendant, through his counsel, offered to waive the jury, and have the cause determined by the judge. To this the plaintiffs' counsel objected, and the objection was sustained by the judge.

This ruling forms a ground of complaint, which we find embodied in a bill of exceptions taken by the defendant's counsel.

The ruling was correct; the jury had been asked for by the defendant, the case had been put down as a jury case on the jury docket, the jury were in attendance to try the case. To have it thus tried under the order rendered was a right enjoyed by both parties to the suit, regardless of the question as to which party had applied for a jury, and being thus a jury case, the jury could only have been dispensed with by the request and consent of *both* parties.

The answer of the defendant, after the general issue, resisted the plaintiffs' demands upon the ground that the defendant's purchase at sheriff's sale of the one-third interest of Jean Gonzales in the plantation, dissolved the lease as to the whole of it; and that under this purchase and the subsequent acquisition of the interests of the other proprietors as sole owner of the preperty, he had the right to take possession of it regardless of the lease, and a further right to appropriate the corn, hay and seed cane raised by the plaintiffs, and found on the place, since the same did not exceed the quantity of the like

product that the plaintiffs under the terms of the contract, were to leave on the premises at the expiration of the lease.

It was further alleged that there had been no proper record of the lease, the same not having been recorded in the book of conveyances, and that therefore was without legal effect.

It was further denied that the plaintiffs had a valid lease of the plantation, because the contract was made by one of the owners of the premises without the consent or authorization of the others.

Finally, it was averred that the defendant took possession of the plantation and the property thereon claimed in the suit with the consent of the plaintiffs.

I.

The purchase at sheriff's sale of one-third of the plantation by the defendant did not dissolve the lease of the entire plantation, and render exigible, as contended by defendant, all the obligations of the lessees as fully as if the term of the lease had expired.

Granting that it dissolved the lease as to John Gonzales's one-third of the land, it had no legal effect on the rights of the lessees to or upon the remaining two-thirds, not embraced in the seizure and sale.

The defendant, as owner of the one-third of the land under the adjudication, was entitled to take possession of the one undivided third of the plantation, but no more. He could acquire no greater right or title to the plantation, under his purchase, than John Gonzales, his judgment debtor, held.

He could have possessed himself of this interest, and if he chose, have cultivated the same; but not so as to infringe upon the rights of the lessees over the remainder of the plantation. If this course did not suit him, or was deemed inconvenient or impracticable, he had the option to resort to a partition, and have his interest segregated and made definite.

He had no more right to enter on the portion, or two-third interest of the plantation, under his purchase of the one-third, than a stranger would have had, and to this extent, and as relates to such portion, unaffected by his seizure and judicial sale, as stated, his attitude and conduct cannot be viewed otherwise than that of a trespasser. Becnel vs. Becnel, 23 Ann. 150; Balfour vs. Balfour, 33 Ann. 198; C. C. 2732, 2733.

Nor does the fact that he bought at private sale the remaining interests in the plantation about the same time from the other co-proprietors, justify or relieve his conduct, for they could only convey to the defendant their interests subject to the lease. By this lease they

granted to the lessees—plaintiffs herein—the right to occupy and cultivate the plantation to the extent of their interests, for another year.

## II.

The question of the dissolution of the lease by the effect of the seizure and sale of a third of the leased premises, which we have discussed, bears on the liability of the defendant for the corn, hay, etc., that he converted to his use when he entered on the plantation. His contention is, as above stated, was that the lease being dissolved by the seizure and sale referred to, and the lessees having bound themselves to leave on the plantation, at the expiration of the lease, the same quantity of corn, hay and seed cane that they found there, and as these did not exceed the quantity the lessees found there at the beginning of the lease, that he had a right to keep them, and could not be held responsible for their value.

The conclusion we have announced touching this question of the dissolution of the lease by reason of the seizure and sale referred to, leaves this contentien without force. The property mentioned converted to his use by the defendant, belonged to the lessees, and their right thereto was unaffected by the seizure and sale.

In the case of Porche vs. Bodin, 28 Ann. 761, presenting a similar state of facts with the instant case, we find in the opinion rendered the following language:

"It is true Article 465 of R. C. C. says that standing crops are considered as immovable and as part of the land to which they are attached; and Article 466 declares that fruits of an immovable, gathered or procured, while it is under seizure, are considered as making part thereof and inure to the benefit of the person making the seizure. But the evident meaning of these articles is, *where the crops belong* to the owner of the plantation, they form part of the immovable. * * * A crop raised on leased premises forms in no sense part of the immovable. It belongs to the lessee and may be sold by him, whether it be *gathered* or *not*, and may be sold by his judgment creditors."

See also the case of Sandel vs. Douglass, 27 Ann. 629.

In this case the *growing* crop of a lessee was seized, with the plantation, by a mortgage creditor of the owner, and there was no record of the lease, yet the Court held the seizing creditor liable to the lessee for the full value of the crop.

### III.

It is further contended that the plaintiffs possessed no valid lease, and if they did, that it was not properly recorded and was without effect.

The contract of lease was signed by one of the owners for himself and co-proprietors. It is claimed that the one signing had no authority from the others. The evidence satisfies us that, whether he had such authority or not, his act was fully ratified.

The contract of lease was duly deposited in the recorder's office, and the required. indorsement to that effect was made upon it. It was recorded in the book kept by the officer for the recording of leases. Whether it should have been recorded in the book of conveyances, it is unnecessary to consider, since the deposit in the proper office, and the proper indorsement by the officer fully protected the parties. C. C. 2266, 2254, 2245; Payne vs. Pavy, 29 Ann. 116.

### IV.

The liability of the defendant for corn, hay and seed cane taken by him being established, it remains to determine the value of the same. The evidence on this point is conflicting. The case was tried by a jury who, we presume, were thoroughly familiar with the subject of the value of these products, and after a close scrutiny of the evidence we are not satisfied that the estimate made by them, as shown by their verdict, should be disturbed.

### V.

There is a motion for an amendment of the judgment, by adding to the amount thereof the net profits that might have accrued from the cultivation of the place in 1881, which the plaintiffs were prevented from working by the act of the defendant.

Granting that the net profits on a crop not yet begun or planted could form an element of damage in a suit of this kind, still we have failed, after an attentive consideration of the evidence bearing on this point, to reach any satisfactory conclusion as to the value of such profits, or even whether there would have been any profits at all. The amendment asked must, therefore, be disallowed.

This conclusion dispenses us from the consideration of the reconventional demand urged by the defendant.

Judgment affirmed.