## No. 11,115.

### THEODORE J. THOMPSON ET AL. VS. JOHN FLATHERS.

A party, who leases property upon which there is a registered mortgage, does so with full knowledge of the mortgage. Its registry is notice to him. When the lessee gives his notes in advance for the rent, and the proceedings are instituted for the foreclosure of the mortgage, he can, to prevent them from falling into the hands of a *bona fide* holder, arrest their negotiation in the hands of the lessor and demand security against payment of the rent note.

The lease is dissolved by the sale of the property, not by the suit to foreclose. Therefore, the lessee owes rent to the lessor until the seizure of the same by the sheriff, and if not seized until the sale of the property by judicial process.

If before the seizure, or the sale of the property, the lessee refuses to pay the rent, the lessor has the right to provisonally seize the property subject to the lessor's privilege.

A case like the instant one will be remanded to await the result of the suit to foreclose the mortgage, or the expiration of the lease.

APPEAL from the Civil District Court for the Parish of Orleans.
King, J.

James Wilkinson for Plaintiffs and Appellees.

Louque & McGloin for Defendant and Appellant.

The opinion of the court was delivered by

McENERY, J. The defendant leased to the plaintiffs the Orleans plantation for two years and two months from September 18, 1891. The price of the lease was $4500, $1000 cash and two notes of $1250 each, payable respectively October 1, 1892, and Sept. 1, 1893. At the time the property was leased to plaintiffs it was burdened with a mortgage for $11,000, the notes evidencing the mortgage debt being held by the State National Bank.

The notes falling due, the bank, on November 3, 1891, proceeded to enforce the mortgage by executory process. The defendant, Flathers, enjoined further proceedings after demand of payment had been made upon him and before seizure, alleging in the petition for the injunction that unless the executory process should be arrested, in due course of law, the property would be seized and sold. The injunction was dissolved, and on appeal to this court the judgment dissolving the same was affirmed. The plaintiffs cultivated the place in the year 1892, for which time they paid the rent.

When the time approached for the maturity of the note for $1250, one-half of the rent for 1893, payable in advance, plaintiffs proposed to defendant that he should defer the payment of said note until after the final decision in the case of the Bank vs. Flathers. Defendant declined and plaintiffs brought the suit. In their petition they recite the fact of the then pending suit of Bank vs. Flathers, the judgment thereon, which on appeal they allege may be affirmed, which will result in their speedy ejectment from the leased premises and a loss of the amount of the rent note given in advance, and the outlays and expenditures for planting, etc. They ask for the annulment of the judgment and the restoration to them of the two notes of $1250 each.

The defendant answered, pleading a general denial, and, assuming the position of plaintiff in reconvention, prayed for and obtained a

writ of provisional seizure. The writ was executed, and the property subject to the lessor's privilege was released on bond. There was judgment in favor of the plaintiff ordering defendant to wait before demanding payment of the two notes until the final decision of case of Bank vs. Flathers and dismissing defendant's reconventional demand.

It appears from the brief of plaintiffs that after the injunction taken out by plaintiffs in suit of Bank vs. Flathers, the notes were " impounded " in the hands of Charles Loque.

The plaintiffs allege that at the time the lease was executed they had no knowledge of any mortgage resting on the place and that the defendant never informed them of the existence of any mortgage on it. The mortgage was duly recorded and the plaintiffs therefore had notice of the same. The registry of the mortgage was a notice to the world that it existed—and particularly to those who made any contract with reference to the mortgaged property. C. C., 3342, 3347.

The plaintiffs having knowledge of the existence of the mortgage, executed the lease subject to the rights of the mortgagee against third parties which were fixed at the time of its registry. The important right vested in him was the right to cause the property to be seized and sold, if the mortgage, as in the instant case, contained the pact *de non alienando*, free from any incumbrance whatever created by the mortgagee on the hypothecated property. The right so vested can not be modified or impaired by any act or contract entered into subsequently between the mortgagor and other parties. Barelli vs. Szymanski, 14 An. 47; Saddler vs. White, 14 An. 173. By giving notes payable in advance for the rent the plaintiffs incurred the risk of paying the notes to a *bona fide* holder, and also the rent to the purchaser of the property.

The judicial sale of the property would have dissolved the lease, and the plaintiffs, in case the notes had fallen into the hands of a *bona fide* purchaser, would have to pay the same, and also the amount due for rent, after the sale, to the purchaser.

To protect himself from such a contingent liability we are of the opinion that he had the right, when proceedings to foreclose the mortgage were instituted, to arrest the notes in the hands of the lessor, to prevent him from negotiating them, and to demand and compel him to give security against the payment of the notes. But as the lease will not be dissolved until the judicial sale of the prop-

erty, the plaintiffs can not demand the delivery of the notes to themselves. The mortgagor may have a substantial defence to the debt and mortgage. At any rate he has the delay until the property is sold to pay the debt.

As the lease, unless dissolved by some act· of the parties to it, remains in force until the sale of the mortgaged property, the lessor has the undoubted right, if the facts justify it, to enforce the lessor's privilege on property subject to it. The defendant, therefore, was fully justified in resorting to the writ of provisional seizure, as the payment of the rent which was due was resisted. C. P., Art. 287.

But it would be manifestly unjust and inequitable to the plaintiffs to permit the lessor to prosecute his suit for the amount due for rent and sell the property, and to retain the notes without giving security to indemnify the plaintiffs against their payment. It would be equally unjust to defendant, if the lease should continue until it expires, to deprive him of the security which the law gives for the rent and the control of the notes.

The lease expires in November of the present year. It may be that the leased property will not be sold under the executory process, or that the judicial sale may be deferred until after the expiration of the lease. As the lease will continue, unless otherwise determined by the act of the parties, until the judicial sale of the property, we think that justice requires that this case be remanded to await final action in the matter of the foreclosure of the mortgage or the expiration of the lease.

The plaintiffs have the right to demand of the defendant security against the two rent notes for $1250 each, and the defendant to maintain his right to sue on the bond given for the release of the property seized under the writ of provisional seizure.

It is therefore ordered, adjudged and decreed that the judgment appealed from be annulled, avoided and reversed, and it is now ordered that this case be remanded to await final action in case of Bank vs. Flathers, unless the lease expires before a seizure and sale is made of the Orleans plantation, in which event the case may be disposed of.

When tried, to be proceeded with according to the views herein expressed and according to law.

The district judge will, when the demand is made by plaintiffs, issue the necessary order for the defendant to give bond to indemnify them against payment of the notes.

Both parties will equally pay costs of appeal.