BREAUX, J.
Plaintiff, a lessee of tne property defendants seek to have sold to pay the debts of the succession, sued out an injunction to prevent the sale.
The property was owned by Eugene Hornot and his late wife. During the lifetime of the latter, Hornot, the husoand, bought from the Eureka Homestead Association a certain piece of ground in this city. The price was $7,500, represented by notes payable oñ demand, secured by lien and mortgage.
This is the property the sale of which plaintiff as lessee enjoined.
In the year 1898, five years after Hornot had effected this purchase, he leased this property and the lot adjacent to Dr. Magruder, plaintiff in injunction, for the sum of $65 a month, to the 30th of September, 1903. Mrs. Hornot died in 1899 — it follows, after the date of this lease of the property by Hornot -to Dr. Magruder.
An option to buy for $12,000 at the expiration of the lease was stipulated by Magruder. It was also stipulated that Magruder was to put improvements on one of the lots, and to paint the buildings. The improvements were to become the property of the owner, Hornot, if the lessee, Magruder, did not buy the property.
It was also stipulated in the lease, if foreclosure proceedings commenced against the property, then Hornot was to reimburse to Magruder the value of the “repairs, betterments, and improvements” placed by Magruder on the property, to an amount not to exceed $500.
The holder of the mortgage on lot B, one of the two lots in question, waived her rights as a mortgagee upon any of Magruder’s improvements.
Hornot, the surviving husband, and Fred M. Cook, became administrators of the succession.
Dot A is Hornot’s remaining property. The other was sold under foreclosure proceedings.
The balance still due to the homestead association is $5,590.50, represented by note secured by lien and mortgage, as before mentioned.
In order to pay the debts, the administrator applied for and obtained an order of the district court to sell the lot before mentioned.
Defendant in injunction calls attention to the fact that, after foreclosure proceedings had been instituted against Hornot on the mortgage resting on the lot B, Magruder, availing himself of the stipulations of their lease, brought suit against Hornot for an amount expended for improvements, and for a diminution of the rent from $65 to $50 a month, and recovered judgment.
There was judgment maintaining the injunction so as to enjoin the sale of the property. From that judgment the administrators appeal.
The rule is well settled that a lessee of a date subsequent to a recorded mortgage has no right to prevent the sale of the property at the instance of the mortgagee. Here it happens that the mortgagee is not seeking to foreclose his mortgage, and no creditors are *588 asking- that the property be sold to pay debts.
The administrators of the succession alone' ask for the sale to pay debts.
The administrators are not in a position to have the property sold on their own motion' to pay debts before the expiration of the lease, and it is only to that extent that the injunction was sustained.
Dissolution of the lease would be about the only result, if the property were sold at this time.
It will be time enough to sell it, should the creditors ask for its sale before the expiration of the lease.
It was proposed to sell this property without the least regard to the lease, or to the option granted to the purchaser to buy at the expiration of the lease. This we do not think can be done at the instance of the survivor in community, even though he has become one of the administrators.
Plaintiff had the right to protect himself against a contemplated sale to be made without the least regard to his right, and without any attempt on the part of the administrators to return to him the rent notes which he had signed, and which had gone into other hands. These notes were transferred to third persons before maturity.
This court said in Thompson v. Flathres, 45 La. Ann. 120, 12 South. 245:
“To protect himself from such a contingent liability, we are of the opinion that he had the right, when proceedings to foreclose the mortgage were instituted, to arrest the notes in the hands of the lessor, to prevent him from negotiating them, and to demand and compel him to give security against the payments of the notes.”
This action sought to restrain, in part, at j least, the former head of the late community, • bound as lessees and transferrors of these | rent notes.
There is, besides, a promise to sell, made by the head of the community before its dissolution, which these administrators could not totally disregard in the manner proposed. Such a promise gives rise to enforceable right between the parties. Civ. Code, arts. 2462, 2463. \
By reason of the fact that the law and the evidence are for plaintiff in injunction, the judgment appealed from is affirmed.