No. 2491

Second Circuit

---

## DEVILLE v. COUVILLION

---

(March 11, 1926.   Opinion and Decree.)
(Jan. 28, 1927.   Reversed on Rehearing.)

---

*(Syllabus by the Court.)*

1. **Louisiana Digest—Master and Servant —Par. 29.**

"The laborer is worthy of his hire."

2. **Louisiana Digest—Equity—Par. 5.**

"One must not enrich himself at the expense of another."

3. **Louisiana Digest—Landlord and Tenant—Par. 9, 56; Mortgages—Par. 203.**

Crops growing on leased land under a recorded lease and produced by the lessee, are the property of the lessee; and a purchaser of the land on which the crops are growing takes the same subject to the right of the lessee to have his crops on accounting to the owner for the lease price.
Lewis vs. Klotz, 39 La. Ann. 259.

4. **Louisiana Digest—Landlord and Tenant—Par. 56, 70; Mortgages—Par. 202, 203.**

Where the growing crop of a lessee is seized and sold along with the land under foreclosure of a mortgage, the seizing creditor is liable to the lessee for the full value of the crop.
Sandel vs. Douglas, 27 La. Ann. 629.

5. **Louisiana Digest—Landlord and Tenant—Par. 56; Mortgages—Par. 202, 203.**

The sale under mortgage foreclosure of a plantation on which there is a growing crop grown by a lessee of the land under a recorded lease, transfers the plantation subject to the lessee's right to reserve his crops upon paying to the purchaser the lease price of the premises.
Porche vs. Bodin, 28 La. Ann. 761.

(REVERSED ON REHEARING.)

*(Syllabus by the Editor.)*

6. **Louisiana Digest—Landlord and Tenant—Par. 58; Mortgages—Par. 203.**

The sale of mortgaged property under judicial process dissolves a lease on the property made and recorded subsequently to the execution and registry of the mortgage.

7. **Louisiana Digest—Mortgages—Par. 75.**

Under Articles 3342 and 3347 of the Civil Code, "registry of the mortgage is notice to the world that it existed— and particularly to those who made any lease with reference to the mortgaged property".

8. **Louisiana Digest—Landlord and Tenant—Par. 54, 56; Mortgages—Par. 197.**

The purchaser at a judicial sale under a prior existing and registered mort-

gage can take possession of the property regardless; of a lease recorded thereafter under which there is a growing crop at the time of the sale.

Appeal from the Twelfth Judicial District Court of Louisiana, Parish of Avoyelles. Hon. L. P. Gremillion, Judge.

Action by Ulric Deville against C. P. Couvillion, sheriff, et al.

There was judgment for plaintiff and defendants appealed.

Judgment affirmed. On rehearing former judgment set aside, injunction dissolved, and plaintiff's demands rejected.

Bordelon & Norman, of Marksville, attorneys for plaintiff, appellee.

J. W. Joffrion, of Marksville, attorney for defendants, appellants.

## STATEMENT OF THE CASE.

REYNOLDS, J.      Ulric Deville leased from the owner, one Bellevue Bordelon, at $3.00 per acre, ten acres of land on which to make a crop during the year 1925, and had his lease duly recorded. Thereafter he planted, cultivated and "laid by" a crop of cotton on the land so leased.

On June 13, 1925, the ten acres, along with other land, was sold under foreclosure of a vendor's privilege and mortgage granted by Alfred C. Bordelon, through whom plaintiff's lessor acquired title, and was purchased by the defendant, Purdy-Hess Company.

Purdy-Hess Company on becoming the adjudicatee of the property, through its agent, F. D. Brouillette, notified Ulric Deville that it would "nail the gates of the field" and accordingly did nail up the gates through which Deville traveled in going to and coming from his crop of cotton.

Ulric Deville sued out a temporary injunction restraining the sheriff and Purdy-Hess Company from interfering with his cultivation or possession of the crops.

On trial the suit was decided in favor of Ulric Deville and he was decreed the owner of the crop, subject to the payment of the lease price agreed upon with his lessor.   The defendants have appealed.

## OPINION.

The question to be decided is whether or not a purchaser of a plantation at sheriff's sale under foreclosure of a vendor's privilege and mortgage thereby becomes the owner of a crop growing on the land raised by a lessee under a duly recorded lease from a lessor whose title traces back to the mortgage debtor, or does he acquire the crop cum onere as to the lessee's rights therein?

This question was decided in favor of the lessee in Porches vs. Bodin, 28 La. Ann. 761.

Our learned brother of the district court in a well written opinion in this case reviewed the jurisprudence of the state on this point and rendered judgment in favor of the plaintiff.

Under the evidence and the authorities cited by Judge Gremillion, his decision is correct.

It is therefore ordered, adjudged and decreed that the judgment appealed from be affirmed.

_____

## ON REHEARING.

ODOM, J.      On reconsideration of the case we have reached the conclusion that our former opinion is erroneous.

The facts in the case are not disputed and are as follows:

In the month of December, 1918, the Purdy-Hess Company sold eighty acres of land in the parish of Avoyelles to Alfred C. Bordelon for part cash and the balance on terms of credit; the credit portion of the price being represented by notes secured by the vendor's mortgage and privilege on the land.

The act of mortgage contained the pact de non alienando and was duly registered in the mortgage records of Avoyelles parish.

Shortly thereafter Alfred C. Bordelon sold part of the same land to Bellevue Bordelon who assumed the payment of one-half of the outstanding vendor's notes due the Purdy-Hess Company.

On January 11, 1925, Bellevue Bordelon leased that part of the property which he had purchased to Ulric Deville, the plaintiff herein, for the year 1925.

The lease to Deville was in writing and was duly recorded in the parish of Avoyelles where the property is situated.

Deville took possession of the property under his lease and planted thereon a crop of beans and cotton.

In May, 1925, the Purdy-Hess Company, being the holder and owner of the original vendor's lien notes, which were then past due, foreclosed its mortgage and proceeded against Alfred C. Bordelon, the original purchaser of the land. The land was seized by the sheriff on May 7, 1925, and was sold by him under executory process on June 13th following. The property was purchased by the Purdy-Hess Company at said sale, the seizure and sale including that portion of the land which had been sold by Alfred C.

Bordelon to Bellevue Bordelon and on which the plaintiff, Deville, held a lease.

Immediately after the sheriff executed the deed to the Purdy-Hess Company it demanded possession of the property and its representative with the sheriff went upon the land, took possession, nailed up the gates and ordered Deville, the lessee, to keep off the land.

Whereupon, Deville, the lessee, brought this suit to enjoin the sheriff and the Purdy-Hess Company, the purchaser, from interfering with his rights to go upon the land for the purpose of cultivating and gathering his crop which was then growing and immature.

The plaintiff alleges that he leased the land from Bellevue Bordelon for the year 1925, for the purpose of making a crop thereon; that he had planted his crop, the cotton being then in bloom with some grown bolls thereon and almost ready to "lay by"; that it needed some further cultivation; that he is entitled, under his lease, to go upon the land for the purpose of cultivating his growing crop and for the purpose of harvesting it when it matures, and that the conduct of the sheriff and the purchaser in thus taking possession of the land will deprive him of his produce under the lease; and he prayed for an injunction,

"* * * restraining them from interfering with petitioner entering in said field and upon said property and from interfering and interrupting with petitioner in working and cultivating of said crops by petitioner, and finally from interfering and interrupting with petitioner in the harvesting and gathering of his said crops of vegetables and cotton."

Upon this application the court granted an order,

"* * * restraining and enjoining said defendants from interfering with peti-

tioner in the harvesting and gathering of his said crops, until the further orders of this court."

Plaintiff in the foreclosure suit, defendant in the injunction suit, in answer admitted its seizure and sale of the property and its taking possession thereof; but it set up that it had a right to foreclose under its mortgage and to purchase and take possession of the mortgaged property; that the sale of the property under its mortgage dated in 1918, dissolved the plaintiff's lease made without its consent in 1925, and gave it the right to take immediate possession of the property; and it further alleged that the sale of the land carried with it the growing crop.

The case was tried on April 24, 1925. The court granted the injunction as prayed for upon plaintiff furnishing bond in the sum of $400.00; the injunction to remain in force until the gathering of the crop, not later than December 31, 1925.

### OPINION.

In our original opinion we said:

"The question to be decided is whether or not a purchaser of a plantation at sheriff's sale under a foreclosure of a vendor's privilege and mortgage thereby becomes the owner of a crop growing under land, raised by a lessee under a duly recorded lease from a lessor whose title traces back to the mortgage debtor; or does he acquire the crop cum onere as to the lessee's rights therein?"

And basing the decision on the holding in the case of Porches vs. Bodin, 28 La. Ann. 761, we held that the lessee was the owner of the crop and the injunction was maintained.

While the question of the ownership of the crop after the sale was the only one passed upon by the lower court and by this court in our former opinion, yet a consideration of the pleading discloses that the main and in fact the sole question presented for determination is not who owned the growing crop but whether Purdy-Hess Company, which purchased the land at sheriff's sale under foreclosure of a mortgage containing the pact de non alienando dated and recorded long prior to the lease under which the plaintiff held, had a right to disregard the lease and take possession of the land.

The effect, at least, of our former holding is that the sale was made subject to the lease and that the purchaser had no right to take possession until the termination thereof; for we enjoined it from taking possession and recognized the lessee's right to hold the property for the remainder of the year.

Considered in this light, it is clear that the decision of the lower court, which we affirmed, cannot stand.

The Purdy-Hess Company foreclosed its vendor's mortgage, dated and recorded in December, 1918, more than six years prior to the date of Deville's lease. Deville took the lease with full notice. He had not only the notice which the record of the mortgage conveyed but he had actual notice that the notes were past due, unpaid and that the holders were about to foreclose. He therefore took the lease and possession under it subject to all rights of the holder of the previously recorded mortgage, which expressly provided that the—

"* * * vendee does hereby bind and obligate himself and his heirs not to alienate or incumber the property herein conveyed in any manner to the prejudice of this mortgage and vendor's lien."

Certainly Alfred C. Bordelon, who purchased from Purdy-Hess Company and granted the mortgage, could not incumber

the property with a lease to the prejudice of the vendor's rights.

He conveyed to his vendee, Bellevue Bordelon, no greater rights than he had, and it follows that Bellevue Bordelon by leasing to Deville could convey no rights which he himself did not possess.

The mortgage granted to Purdy-Hess Company, which was duly registered, was a security for the debt due it by its vendee, Alfred C. Bordelon, for the balance of the purchase price of the land, and under Civil Code, Article 3278, it had the—

"* * * power of having the property seized and sold in default of payment."

Its rights were fixed on the date of the execution and registry of the act of mortgage and could be exercised by it against third persons as well as against the mortgagor.

A mortgage follows the property into whatever hands it may pass. Civil Code, Article 3282.

The principal and important right which a mortgagee has is to foreclose his mortgage in default of payment and cause the property subject to the mortgage to be seized and sold for the payment of his debt.

Thompson vs. Flathers, 45 La. Ann. 120, 12 So. 245.

Under such sale the property passed free from any sale made by the vendee or any incumbrance, such as a lease, placed thereon by him or other parties subsequent to the execution and registry of the mortgage. Its rights could not be impaired or modified by the lease to Deville without its consent.

The right to sell the mortgaged property carried with it the right to purchase it and to take immediate possession thereof, subject only to the rights and claims of third persons which may have existed on the date of the registry of the mortgage. If this were not true, as was said by the court in Barelli vs. Szymanski, 14 La. Ann. 47:

"Mortgagees could be easily deprived of the security of their mortgages, through the agency of contracts of lease of the character of the one made by defendant with Pelleron, if such contracts were binding upon them. Long leases with the future rents secured by negotiable paper in the hands of third parties would greatly depreciate the value of mortgaged property at judicial sales, made for the payment of the debts of hypothecary creditors."

The sale of mortgaged property under judicial process dissolves a lease on the property made and recorded subsequently to the execution and registry of the mortgage.

Barelli vs. Szymanski, supra.

Lewis vs. Klotz, 39 La. Ann. 259, 1 So. 539.

Thompson vs. Flathers, 45 La. Ann. 120, 12 So. 245.

Sandel vs. Douglas, 27 La. Ann. 628.

When the property in controversy in this case was sold on June 13, 1925, under judicial process, Deville's lease was dissolved. As he was in possession under the lease, it followed that when the lease was dissolved he has no further right of possession. Under his lease he obtained no rights which his lessor did not possess. His lessor could do no act which would in the least impair the rights of the mortgagee.

Brannin vs. Womble, 32 La. Ann. 805.

Carroll vs. Chaffe, 35 La. Ann. 83.

Lee vs. Packard, 25 La. Ann. 397.

Thompson vs. Flathers, 45 Ann. 122, 12 So. 245.

Deville took the property with full knowledge of the rights of the mortgagee.

Under Arts. 3342 and 3347 of the Civil Code:

"Registry of the mortgage is notice to the world that it existed—and particularly to those who made any lease with reference to the mortgaged property."

Thompson vs. Flathers, supra.

Not only that, but Deville had actual knowledge not only that the mortgage existed but that the debt was past due and would likely be foreclosed. He wanted the property but was doubtful as to whether he could hold it, and before taking the lease consulted counsel who advised him to take a written contract or lease and have it recorded. He said he wanted to "play safe". But under the law his rights were divested by the sale.

This is the law in Louisiana, and we find that courts in other jurisdictions have held to the same rule. In a case note found in L. R. A. 1915-C, page 204, we find the rule stated as follows:

"Where the premises are subject to a lien, of course, the owner can convey no estate therein free from the lien. If he grants a leasehold estate therein it is subject to the lien, and a sale based upon the lien passes to the purchaser an estate superior to that of the lessee. Thus, a purchaser at a sale based upon a lien, of premises on which a leasehold estate had been created subsequently to the date at which the lien had attached, does not, by virtue of the transfer of title, become the landlord of the lessee, but he as one having a superior title, may evict the tenant." Citing authorities.

Counsel for plaintiff, in support of their contention that Deville had the right to detain the property after the lease was dissolved by the sale and therefore to proceed by injunction to prevent the defendant from taking possession of its purchase, cites in brief the cases of Porche vs. Bodin; Lewis vs. Klotz and Sandel vs. Douglas, supra. But these cases do not support their contention.

In the case of Porche vs. Bodin, the property was sold in September, 1873, after the lessee's crop of corn was fully matured and ready for harvesting. The purchaser claimed the corn under the sale. The court held that the sale dissolved the lease but that the lessee owned the corn which was ready to be gathered and had a right to remove it. The question whether the purchaser had the right to take possession under his purchase was not involved and was not passed upon by the court.

The case of Lewis vs. Klotz, is against him.

There the court held that the purchaser had a right to take possession of the one-third of the plantation which he had purchased at judicial sale but not of the two-thirds which he had purchased at private sale. The purchaser found on the plantation certain crops of the lessee which he appropriated. The court held that the crops belonged to the lessee and ordered the purchaser to respond for their value.

The case of Sandel vs. Douglas, is also against him. In that case the court said:

"If the plantation had been sold by the sheriff pending the lease under the mortgage previously executed containing the non alienation clause the sale would have dissolved the lease and the purchaser could have taken possession."

In that case the land was seized by the sheriff while the crop was growing. The lessee was not disturbed in the cultivation

of his crop, but after the cotton was picked, ginned, baled and ready for market it was seized by Silbernagle, a judgment creditor of the land owner. The court held that the cotton belonged to the lessee and that the seizure was unjustifiable and wrong.

In none of the cases cited and relied upon by counsel was the question, whether a purchaser at judicial sale under a prior existing and registered mortgage, can take possession of the property involved, the main issue.

Here that is the only question involved, as shown by plaintiff's petition and prayer.

The court specifically enjoined Purdy-Hess Company from interfering with the lessee in his possession, thereby in effect holding that the purchaser could not take possession under its purchase.

For the reasons assigned, it is ordered, that our former decree be set aside; and it is now ordered, adjudged and decreed that the judgment appealed from be reversed; and further ordered that the injunction herein be dissolved and set aside, and plaintiff's demands rejected at his cost in both courts.