STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

15-396


J. L. MCCRAINE, III

VERSUS

VOYELLESLAND FARMS, INC.


**********

APPEAL FROM THE
TWELFTH JUDICIAL DISTRICT COURT
PARISH OF AVOYELLES, NO. 2007-0072-B
HONORABLE WILLIAM BENNETT, DISTRICT JUDGE

**********

ULYSSES GENE THIBODEAUX
CHIEF JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, John D. Saunders, and David Kent Savoie, Judges.

AFFIRMED.

**David Edwin Lafargue**
**Lafargue Law Office**
**P. O. Box 277**
**Marksville, LA 71351**
**Telephone:  (318) 253-7521**
**COUNSEL FOR:**
     **Defendant/Appellee - Voyellesland Farms, Inc.**


**Rodney Marchive Rabalais**
**P. O. Box 447**
**Marksville, LA 71351**
**Telephone:  (318) 253-4622**
**COUNSEL FOR:**
     **Plaintiff /Appellant - J. L. McCraine, III**

**Michael Matthew Distefano**
**P. O. Box 361**
**Plaquemine, LA 70765-0361**
**Telephone:  (225) 687-8855**
**COUNSEL FOR:**
    **Plaintiff/Appellant - J. L. McCraine, III**

**THIBODEAUX, Chief Judge.**

In this dispute over the terms of an agricultural lease for farming, plaintiff J. L. McCraine, III appeals the trial court's judgment dismissing his petition for damages in tort, breach of contract, unjust enrichment, detrimental reliance, and specific performance resulting from his eviction from leased land owned by defendant Voyellesland Farms Inc. (Voyellesland).  Voyellesland also seeks review of its Reconventional Demand, seeking damages for various unpaid fees and expenses.  In the absence of a signed lease for the years in question, and void of contract terms referencing fees and expenses owed to Defendant, the trial court dismissed the claims of both parties.

McCraine asserts that the trial court erred in finding that the 2006 lease was for a one year term rather than a five year term that began in 2004, and that he had no ownership rights to the crawfish remaining in the ponds in 2006 and to be harvested in 2007.  We disagree and find that the trial court's judgment was not manifestly erroneous in dismissing the demands of both McCraine and Voyellesland.  For the following reasons, we affirm the judgment of the trial court.

I.

## ISSUES

We must determine:

(1)    whether the trial court erred in finding that the lease in effect in 2006 was a one year lease that terminated on December 31, 2006, rather than a five year lease that began in 2004;

(2)    whether the trial court erred in finding that the crawfish remaining in the ponds on December 31, 2006, were not a crop owned by McCraine; and

(3)    whether the trial court erred in dismissing Voyellesland's claims for damages for unpaid rice storage and drying fees, fuel, off-loading, and rental expenses.

II.

## FACTS AND PROCEDURAL HISTORY

This case concerns an agricultural lease for land between plaintiff J. L. McCraine, III and defendant Voyellesland Farms Inc., a company owned and operated by I. V. Jeansonne. It arises in the aftermath of a divorce settlement between Jeansonne and the plaintiff's mother. In 2003, McCraine signed a one year agricultural lease with Voyellesland that granted McCraine rice and soybean farming rights, and, secondarily, "crawfishing rights" from January 1, 2003 through December 31, 2003. An identical one year lease was signed for the 2004 season.

In 2004, and prior to the expiration of his lease, McCraine contends that in accordance with an oral agreement between him and Jeansonne, McCraine made improvements to the land in exchange for the promise of a new five year lease which would extend through 2009. The extent of such improvements is disputed, and Jeansonne denies the promise of a five year lease. Alternatively, individual one year leases were drafted for the 2005, 2006, and 2007 years but remained unsigned. A five year lease was never drafted.

Following his eviction from the land in 2006, and before his 2007 crawfish harvest, McCraine filed suit for damages. Voyellesland filed a Reconventional Demand alleging McCraine's debt for failure to pay fees for rice storage and drying, fuel expenses, off-loading expenses, and rental expenses. The trial court dismissed both claims. Thereafter, McCraine appealed and

2

Voyellesland filed an Answer to Plaintiff's appeal seeking review of the trial court's denial of its Reconventional Demand.

III.

## LAW AND DISCUSSION

**The Duration of the Lease in Effect in 2006**

Absent manifest error or unless it is clearly wrong, an appellate court may not set aside a trial court's finding of fact. *Stobart v. State, Through DOTD*, 617 So.2d 880 (La.1993); *Rosell v. ESCO*, 549 So.2d 840 (La.1989). Accordingly, if the trial court's findings were reasonably based upon the entire record and evidence, we must not reverse. *Housley v. Cerise*, 579 So.2d 973 (La.1991). "Where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review . . . ." *Id.*

McCraine contends that the trial court erred in ruling that the 2006 lease was for a one year term, maintaining that a five year lease began in 2004 pursuant to an oral modification. We disagree. McCraine and Voyellesland both acknowledge the validity of individual one year land leases for the 2003 and 2004 years. They additionally acknowledge that individual leases were drafted for the 2005, 2006, and 2007 years, but remained unsigned.

The past conduct of the parties is also significant. There is no ambiguity in the parties' intent to create year-to-year lease terms. The consecutive creation of one year leases in 2003 and 2004 reflects this intent. This intent is further demonstrated in that despite the plaintiff's claim that the parties agreed to a five year lease in 2004, separate one year leases were instead drafted for the following three years. We conclude that if the parties had in fact agreed to the

3

creation of a five year lease term, it, rather than one year lease terms, would have been drafted in 2004. Although the 2005, 2006, and 2007 leases remained unsigned, the record testimony is bolstered by their mere presence. The parties' intent is further apparent in the language of the signed leases, which provides that "no renewal or extension shall be effective unless made in writing and executed by the parties."

The trial court also considered the testimony of McCraine and Voyellesland's witnesses, and found Voyellesland's witnesses regarding the length of the leases to be more credible. "When findings are based on determinations regarding the credibility of witnesses, the manifest error-clearly wrong standard demands great deference to the trier of fact's findings . . . ." *Rosell*, 549 So.2d at 844. In light of the evidence presented, the trial court reasonably determined that the parties did not agree to a five year oral modification of the lease.

Finally, we find that if the parties failed to agree to a lease term, they were bound to one year leases by operation of law. Louisiana Civil Code Article 2680 provides that "[i]f the parties have not agreed on the duration of the term . . . [a]n agricultural lease shall be from year to year." Because neither party drafted a five year lease nor signed the individual leases for the 2005, 2006, and 2007 years, we also find that by operation of law the lease terms were on a year-to-year basis.

**Ownership of the 2007 Crawfish Harvest**

In concluding that the agricultural lease was on a year-to-year basis, we also agree with the trial court's finding that the agricultural lease expired on December 31, 2006. For that reason, we must also consider the ownership rights to the crawfish crop during the years in which McCraine leased the land and also the

ownership rights to the crawfish remaining on the land once the lease terminated. This is a question of law to be reviewed by this court under the de novo standard of review. *Land v. Virdine*, 10-1342 (La. 3/15/11), 62 So.3d 36.

The crawfish farmed by McCraine are to be considered a crop and thus subject to his ownership during his tenancy on the land. This is supported not only by McCraine's testimony, but also by the testimony of Dr. Huner, Jeffrey Sylvester, and Jared Sylvester, who each categorized crawfish as a crop at trial. Additionally, Article 2B of the signed leases refers to crawfish as a crop, indicating Voyellesland, the drafting party, believed crawfish to be a crop as well. It states that "[i]f Lessee fails to plant, fertilize, cultivate, irrigate or harvest the crops, including crawfish . . . Lessor may . . . declare this lease to be terminated."

Louisiana Civil Code Article 3415 provides that "[w]ild animals or birds within enclosures, and fish or shellfish in an aquarium or other private waters, are privately owned." It is also well settled that "[c]rops growing on leased land under a recorded lease and produced by the lessee, are the property of the lessee. *Deville v. Couvillion*, 5 La.App. 519, 1926 WL 4071 (2 Cir. 1926) (citing *Lewis v. Klotz*, 39 La.Ann. 259, 1 So. 539 (La.1887)). "[C]rops or ungathered fruits of trees may belong to a person other than the owner of the ground. Nevertheless, they are presumed to belong to the owner of the ground, unless separate ownership is evidenced by an instrument . . . ." La.Civ.Code art. 491. While these statutes suggest that McCraine owned his crops while he farmed the land, they also suggest that once his lease expired, he no longer had a possessory interest in the unharvested crops remaining on the land.

5

McCraine cites *Texas Gas Transmission Corp. v. Soileau, et.al.*, 251 So.2d 104 (La.App. 3 Cir. 1971) and *Manuel v. Texas Gas Transmission Corp.*, 153 So.2d 157 (La.App. 3 Cir. 1963), which awarded plaintiffs damages for the loss of their crawfish crop, for the principle that crawfish crops farmed in private ponds are owned by the farmer. These cases, however, only suggest that crawfish farmers have rights to their crops while they own or lease the land on which they are farming. This case is distinguished by McCraine's eviction. McCraine had ownership rights to the crawfish he farmed from the start of his lease in 2003 through the end of his oral lease on December 31, 2006. It should also be noted that McCraine harvested his 2006 crop and, therefore, at the expiration of his lease on December 31, 2006, was no longer entitled to the remaining unharvested crops. Following his eviction from Voyellesland the subsequent tenant, Jared Sylvester, took ownership of the crawfish remaining on the land. Alternatively, if Sylvester had failed to take possession of the land immediately following McCraine, Voyellesland, through either right of accession or by occupancy, would have acquired ownership in the crops remaining on the land. La.Civ.Code art. 483; La.Civ.Code art. 3412.

The trial court's finding was, thus, neither manifestly nor legally erroneous, and in light of the evidence presented, the court correctly determined that McCraine did not own the 2007 crawfish harvest. The issue of McCraine's damages for loss of the 2007, 2008, and 2009 crops is, thus, rendered moot.

**Reconventional Demand for Fees and Expenses**

In addition to McCraine's claim, Voyellesland subsequently maintains that the trial court erred when it dismissed its Reconventional Demand for failure

6

to pay fees for rice storage and drying, fuel, off-loading, and rental expenses. We disagree. The trial court's judgment, in light of the evidence and testimony provided by the parties, also concerns a finding of fact which may not be reversed absent manifest error. *Stobart*, 617 So.2d 1120; *Rosell*, 549 So.2d 840. Because the written and oral lease agreements contain no information regarding fees for rice drying and storage, fuel, rental, or off-loading fees, we do not find that the trial court's dismissal was manifestly erroneous. We affirm.

V.

## CONCLUSION

For the foregoing reasons, we affirm the judgment of the trial court. Costs of this appeal are assessed to Plaintiff-Appellant, J. L. McCraine, III.

**AFFIRMED**.