372 So.2d 713 (1979)
SOUTHERN SAVINGS ASSOCIATION
v.
LANGFORD LAND COMPANY.
No. 9928.
Court of Appeal of Louisiana, Fourth Circuit.
June 5, 1979.
Writ Refused September 4, 1979.
Midlo & Lehmann, Lawrence M. Lehmann, New Orleans, for Feelgood's Fotos, Inc., intervenor-appellant.
Paula A. Perrone, New Orleans, for Southern Marigold, Inc., intervenor-appellant.
Shushan, Meyer, Jackson, McPherson & Herzog, Donald A. Meyer, New Orleans, for Continental Bank, defendant-appellee.
Before SAMUEL, BOUTALL and BEER, JJ.
BOUTALL, Judge.
This case involves a dispute as to the rights of a lessee and an option holder to the proceeds of a judicial sale after a superior creditor has foreclosed upon the property.
On May 1, 1974, Langford Land Company leased property located at 611 Bourbon Street in New Orleans to Oscar Stafford and included within the lease an option to purchase. Stafford assigned this lease to Crater Corporation, which then assigned it to Southern Marigold, Inc., one appellant in this action. Feelgood's Fotos, the other appellant, occupied a portion of the premises under a sub-lease specifically excepted in the assignment to Southern Marigold. Prior to this lease, a first mortgage had been placed on the property in favor of Southern Savings Association. Subsequent to the assignment, Langford executed a collateral mortgage in favor of Continental Bank, appellee herein.
On January 5, 1978, the property was seized and sold at public auction pursuant to a petition for executory process, filed by the first mortgagee, Southern Savings Association, *714 for an amount exceeding the debt owed on the first mortgage. Continental Bank, the second mortgage holder, requested that the excess be paid to them. Southern Marigold then intervened asserting that the recorded option in the assigned lease afforded it rights superior to that of the holder of the subsequently recorded mortgage to the proceeds. Feelgood Fotos also intervened asserting that its claim as sub-lessee to the surplus proceeds primed the claim of the second mortgagee. Continental Bank responded by filing exceptions of no cause of action against the intervenors. The trial judge maintained the exceptions dismissing both interventions. From this judgment, both intervenors appealed.
Appellant Southern Marigold contends that the recorded lease and option to purchase which it held on the property constitutes a privilege on the proceeds which affords appellant greater rights than the holder of a subsequently recorded collateral mortgage. Appellant argues that the obligation arising from the option confers a real right on the optionee and that, therefore, its relative ranking as to other real rights, namely the two mortgages, is determined by time of recordation.
Appellant accurately points out that a validly exercised option results in a binding contract to sell giving either party the right to specific performance or an action for damages for breach. See Civil Code Article 2462. Since the first mortgagee has exercised his rights of seizure and sale, however, before an actual exercise of the option by the intervenors, the remedy of specific performance is no longer available to appellant. Where rights of others have intervened and full compliance with a contract for delivery of an immovable is impossible, courts will deny relief of specific performance and relegate the party to an action for damages. See Thompson v. Thompson, 211 La. 468, 30 So.2d 321 (1947). What is at issue here is the distribution of the proceeds of a judicial sale. Regardless of any rights on the property held under its lease, appellant now merely occupies the position of an unsecured creditor as to the proceeds and is primed by secured creditors unless it can establish some basis for preference. It has an unliquidated claim for damages for breach of contract.
Civil Code Article 3184 states that:
"Lawful causes of preference are privilege and mortgages."
Civil Code Article 3185 states that:
"Privilege can be claimed only for those debts to which it is expressly granted in this Code."
A reading of the listed privileges reveals that the Code contains no privilege for the breach of an option contract or an agreement of sale. See Article 3249. Appellant, therefore, has no claim to the proceeds of this sale which is superior to that of the holder of a valid mortgage. Privileges are stricti juris and must be strictly construed. See Article 3185, supra and Econo-Car International, Inc. v. Zimmerman, 201 So.2d 188 (La.App. 4th Cir. 1967). The operative effect of a privilege may never be extended by implication or analogy to any situation not explicitly contemplated by the statute creating it. Martinez v. Therma-King Sales & Service, 346 So.2d 798 (La.App. 1st Cir. 1977).
We reject appellant's contention that it is a holder of a real right entitled to equal ranking with the mortgage holders to claim the proceeds of the judicial sale. Real rights are distinguished as either principal or accessory. Principal real rights pertain to the substance of a thing which is placed to the service of the holder of the right, while accessory real rights pertain to the pecuniary value of the thing. Rights of preference may be attached by law to any right, whether personal or real. See Yiannopolos, Real Rights in Louisiana and Comparative Law: Part 1, 23 Louisiana Law review 161 (1963). Examples of accessory real rights are mortgage, pledge and privileges on immovables.
The Louisiana Civil Code affords a preference to the accessory real right of mortgage and affords certain other rights a privilege attached to the real right, such as the special privileges on immovables created *715 by Article 3249. Since the Legislature has granted no preference to one in appellant's position, appellant has no right to claim the proceeds of a judicial sale ahead of a statutorily preferred creditor, even if appellant's right to purchase could originally have been considered a principal real right.
The only other issue before us is whether the leases held by both intervenors create a preference to the proceeds of the sale. There is jurisprudence in Louisiana holding that a judicial sale in satisfaction of a mortgage dissolves any lease entered into subsequent to the mortgage. See Board of Commissioners v. Hibernia Bank in New Orleans, 52 So.2d 771 (Orl.App.1951); Thompson v. Flathers, 45 La.Ann. 120, 12 So. 245 (1893). Further we cannot see that a lessee has any more of a privilege to the proceeds than does an option holder. Any recourse which the lessees have is against the lessor. There is no support for the contention that the lessees are entitled to the proceeds of the judicial sale in preference to a mortgage holder.
The allegations of the petitions of both intervenors fail to state a cause of action upon which relief may be granted.
For the above reasons, the decision below is affirmed at intervenors' cost.
AFFIRMED.