KNOLL, Judge.
This appeal was brought by the plaintiffs for a breach of contract to buy and sell and the damages awarded. The defendants answered the appeal denying that any damages were due.
FACTS
Gerald Wayne Waldon and his wife, Alice Waldon, entered into a contract to buy and sell with C & R Construction Company, a partnership comprised of Richard M. Baker and Champ Baker. The Waldons agreed to purchase from C & R lot # 65 of the Donahue East Subdivision. C & R Construction Company was to build the home for the *751 price and sum of $47,500.00. The house plans agreed upon by the Waldons and C & R were approved by the Veterans Administration.
The Waldons submitted their loan application to Rapides Bank & Trust Co. of Alexandria for a VA loan under the Rap-ides Parish Housing & Mortgage Finance Authority program, which offered an interest rate of 8.125% per annum. Three inspections were required by the Veterans Administration, namely, the foundation inspection, the black out inspection, and the final inspection.
Work on the house commenced on February 3, 1980. The foundation inspection (first stage) was approved by the Veterans Administration inspector, Overton Miller, on February 13, 1980.
On February 29, 1980, inspector Miller found the builder had gone beyond the second inspection stage (the black out) because the bricks had already been laid, therefore, Mr. Miller did not approve the second inspection. He then ordered that the builder, C & R, cease work on the house until it was approved by the New Orleans Office of Veterans Administration.
Richard Baker immediately contacted Inspector Miller’s superior in New Orleans and received a verbal approval of the second stage. This verbal approval was subsequently confirmed by letter dated March 17, 1980.
After the second stage approval was concluded, Inspector Miller then required a sheet of paneling be removed from each exterior wall so he could check to see that the insulation was stapled. Richard Baker refused. On March 20,1980, Inspector Miller closed his files. Apparently there was a personality conflict between Champ Baker and Inspector Miller. On March 21, 1980, Champ Baker foresaw that Inspector Miller’s remaining inspections would not coincide with the construction, which in turn would result in exceeding C & R’s original price of $47,500.00. On March 21, 1980, Champ Baker delivered to the Waldons their deposit of $1,000.00, and notified them that the terms of the contract to buy and sell could not be met. The deposit refund check was never cashed. The loan was never consummated because the final VA inspection was never made.
The Waldons attempted to find a similar house. They applied for financing at other lending institutions but qualified for a maximum loan of $32,000.00 at a higher rate of interest.
The Waldons filed a suit for specific performance based on the contract, and alternatively, for damages occasioned by the breach of the contract.
The plaintiffs did not file a notice of lis pendens which would have put prospective third party purchasers on guard. The defendants sold the property on June 2, 1980. Thus the plaintiffs are left only with a claim for damages resulting from the breach of contract by the defendants. Southern Savings Association v. Langford Land Company, 372 So.2d 713 (La.App. 4th Cir.1979, writ denied 374 So.2d 659).
The defendants contend the contract to buy and sell was rescinded by virtue of the actions of Inspector Miller when he requested a sheet of paneling be removed from each exterior wall, after the Bakers received approval of the second inspection. At this point Inspector Miller closed his file.
The trial court held that the defendants breached the contract with the plaintiffs. Damages were awarded to plaintiffs in the amount of $3,878.48, plus the refund of plaintiffs’ $1,000.00 deposit. We affirm.
DAMAGES FOR BREACH
A binding contract existed between the Waldons and C & R. The contract was solely between the purchasers and the sellers. It did not include the Veterans Administration. We find C & R breached the contract. The defendants raise the action of the inspector for the Veterans Administration as a defense. This would give rise to an action by C & R against the Veterans Administration, which is not before us for determination.
*752 We find the trial court’s findings are correct. The trial court is given much discretion in its award of damages. Canter v. Koehring Company, 283 So.2d 716 (La.1973); Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978); Roberts v. Rolene Corp., 415 So.2d 546 (La.App. 1st Cir.1982).
For the reasons assigned the judgment of the trial court is affirmed with costs assessed one-half to each party. AFFIRMED.
STOKER, J., concurs and assigns written reasons.