JiCOOKS, Judge.
Attorney Leonard Radlauer appeals a trial court judgment ordering him to pay the medical expenses of a former client. These medical expenses were the subject of a health care provider’s privilege. For the following reasons, we affirm.
FACTS
Ronald Robicheaux was injured in an automobile accident in October 1984. He initially retained Frederic Seeman to represent him in his subsequent personal injury suit. Robi-cheaux later dismissed Seeman, and Leonard Radlauer was retained to continue with the suit for a 40% contingency fee. Seeman, Radlauer and Robicheaux executed a lien in favor of Erwin Bixenman, the chiropractor who treated Robicheaux from June 1985 to June 1989. The outstanding balance for Bix-enman’s treatment is $4,664.48.
On July 10, 1989, judgment was rendered in Robicheaux’s favor for $17,999.50 plus legal interest and court costs. When Bixen-man demanded payment for the balance of Robicheaux’s medical expenses, Radlauer replied that $28,879.36 was received but the expenses totaled $25,408.12, excluding expert fees still payable.
Bixenman filed this suit on September 18, 1990 seeking enforcement of his lien. Relying on LSA-R.S. 9:4752, the trial court held Radlauer’s attorney’s fee privilege did not extendjjto expenses related to trial preparation; and, accordingly, rendered judgment in favor of Bixenman for $4,664.48. Radlauer appeals.
*567 DISCUSSION
LSA-R.S. 9:4752 grants health care providers a privilege for reasonable charges or fees on the net amount payable to injured persons, their heirs, or legal representatives out of the total amount recovered by judgment, settlement or compromise. However, this statute also states an attorney’s privilege for fees primes the privilege of health care providers.
LSA-R.S. 9:5001(A) grants attorneys a special privilege that ranks first for the amount of their professional fees on all judgments obtained by them and property recovered. LSA-R.S. 9:5001(B) defines professional fees as “the agreed upon fee, whether fixed- or contingent, and any and all other amounts advanced by the attorney to or on behalf of the client, as permitted by the Rules of Professional Conduct of the Louisiana State Bar Association.”[1]
Rule 1.8(e) of the Rules of Professional Conduct governs advances by an attorney to or on behalf of the client:
A lawyer shall not provide financial assistance to a client in connection with pending or contemplated litigation, except that:
(1) A lawyer may advance court costs and expenses of litigation, the repayment of which may be contingent on the outcome of the matter; and
(2) A lawyer representing an indigent client may pay court costs and expenses of litigation on behalf of the client.
Therefore, Radlauer’s superior privilege extends to all court costs and litigation expenses he advanced on Robieheaux’s behalf. Radlauer claims the expenses associated with litigation, his attorney’s fees and Seeman’s attorney’s fees exceeded the total amount received from the judgment. Although we acknowledge Radlauer’s and See-man’s privilege, which includes advanced expenses, primes Bixenman’s lien, we do not believe the legislature in granting this privilege vested lawyers with sole authority to categorize as expenses all funds they desire to spend and charge to a client’s account. An attorney asserting the privilege has an evidentiary responsibility to establish the nature and association of the charged expenditure with the pending litigation.
Radlauer testified First National Bank of Opelousas was paid $4,498.64 as part of |3“his” agreement with Seeman. However, he could not explain what the loan was for because it was made before he became Robi-cheaux’s attorney. There are also three unexplained American Express charges for $639.00, $334.46 and $369.37 as well as one charge at Andrea’s Restaurant for $449.30, which without explanation is patently excessive. The court costs of $2,145.50 also were reimbursed by the Clerk of Court. However, Radlauer’s records do not reflect a credit to the client’s account for this amount. Bix-enman was awarded an expert witness fee of $125.00. Radlauer did not forward this fee to him although it was included in the amount paid in satisfaction of the judgment. Moreover, Radlauer paid $3,000 to a physician who helped him prepare for Robi-cheaux’s trial more than one year after judgment was rendered and two months after Bixenman filed a petition to recover his fee.
DECREE
Radlauer failed to present sufficient evidence to legally establish that the expenditures thus noted are protected by the attorney’s privilege. Accordingly, the trial court’s judgment in favor of Bixenman for $4,664.48 is affirmed.
AFFIRMED.

. LSA-R.S. 9:5001 was amended effective June 16, 1989. The amendment added subsection B, which defines "professional fees.” Section 5001 as amended is applicable because Radlauer’s right to enforce his privilege for his professional fees did not arise until Robicheaux's judgment became final. See Pullen v. Ziegler, 595 So.2d 1267 (La.App. 4th Cir.1992).